UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELIZABETH JOHA
and other similarly-situated individuals,

    Plaintiff,

v.

ARMAAN LLC
a/k/a GROOVY'S PIZZA,
ABDULLAH V KARPUZ
and KAAN KALELI, individually,

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ELIZABETH JOHA and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants ARMAAN LLC, a/k/a GROOVY'S PIZZA, ABDULLAH V KARPUZ and KAAN KALELI, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ELIZABETH JOHA RUT is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant ARMAAN LLC, a/k/a GROOVY'S PIZZA (hereinafter GROOVY'S PIZZA) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendants ABDULLAH V KARPUZ and KAAN KALELI, were and are now, the directors and/or owners of Defendant Corporation GROOVY'S PIZZA.

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant GROOVY'S PIZZA employed Plaintiff ELIZABETH JOHA from approximately September 12, 2011 to April 15, 2015. Plaintiff worked at the GROOVY'S PIZZA restaurant located at 332 Lincoln Road, Miami Beach 33139.

7. Plaintiff was a non-exempt hourly employee, and her regular wage rate was $8.00 an hour; Plaintiff worked as a cashier and pizza attendant.

8. Plaintiff worked an average of 6 days per week. Plaintiff had an irregular schedule, but usually she worked from 10:00 AM to 8:00 PM.  Plaintiff worked an average of 60 hours every week.  There were many weeks in which Plaintiff worked more than 12, 13 and more hours in a single day. Plaintiff was unable to take a lunch break.

9. Plaintiff was paid for almost all her hours but at her regular rate. Defendants did not pay Plaintiff for overtime hours at the rate of time and a half her regular rate as established by law.

10. Plaintiff was paid in cash during all her time of employment. Defendants never provided Plaintiff with paystubs detailing hours worked, wage rate or employment taxes withheld.

11. On or about April 15, 2015, Plaintiff was forced to resign from his employment with Defendants due to discriminatory reasons. Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission. (EEOC).

12. Plaintiff ELIZABETH JOHA seeks to recover any unpaid half-time for all the overtime hours that were paid to her at regular rate, and any other relief as allowable by law.

13. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

15. This action is brought by Plaintiff ELIZABETH JOHA and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an

additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Defendant GROOVY'S PIZZA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business/pizza restaurant.  Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

17. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a pizza maker and cashier, and through her daily activities, Plaintiff participated in interstate commerce by processing payments using credit cards. Additionally, Plaintiff regularly handled

and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

18. Defendant GROOVY'S PIZZA employed Plaintiff ELIZABETH JOHA from September 12, 2011 to April 15, 2015.

19. While employed by Defendant GROOVY'S PIZZA, Plaintiff ELIZABETH JOHA worked for an average of 60 (Sixty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Plaintiff was employed as a "cashier" and "attendant" performing the same or similar duties as that of those other similarly-situated pizza maker, and cashiers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

20. Plaintiff was a non-exempt hourly employee and her regular wage rate was $8.00 an hour.

21. Plaintiff worked an average of 6 days per week. Plaintiff had an irregular schedule, but usually she worked from 10:00 AM to 8:00 PM.  Plaintiff worked an average of 60 hours every week.  There were many weeks in which Plaintiff worked more than 12 or 13 and more hours in a single day. Plaintiff was unable to take a lunch break.

22. Plaintiff was paid for almost all her hours but at her regular rate.  Defendants did not pay Plaintiff for overtime hours at the rate of time and a half her regular rate as established by law.

23. Plaintiff was paid in cash during all her time of employment. Defendants never provided Plaintiff with paystubs detailing hours worked, wage rate or employment taxes withheld.

24. During all her time of employment Plaintiff was paid in cash. Defendants never provided her with paystubs or records detailing basic information regarding hours worked, withholdings of employment taxes etc.

25. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

26. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 60 hours.

   a. <u>Total amount of alleged unpaid wages</u>:

      Eleven Thousand Six Hundred Dollars and 00/100 ($11,600.00)

   b. <u>Calculation of such wages</u>:

      Relevant weeks of employment: 145 weeks
      Total number of hours worked: 60 hours average weekly
      Total number of overtime hours: 20
      Regular rate: $8.00 x 1.5 = $12.00   -   Half time $4.00
      O/T rate 12.00 an hour-$8.00 paid x O/T hour  = $4.00 difference

      $4.00 half time x 20 O/T hrs. = $80.00 weekly x 145 weeks = $11,600.00

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid half time overtime.

27. At all times material hereto, the Employer/Defendant GROOVY'S PIZZA failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

28. Defendant GROOVY'S PIZZA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

29. At the times mentioned, individual Defendants ABDULLAH V KARPUZ and KAAN KALELI, were and are now, the directors and/or owners of GROOVY'S PIZZA. Defendants ABDULLAH V KARPUZ and KAAN KALELI, were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of GROOVY'S PIZZA in relation to the employees of GROOVY'S PIZZA, including Plaintiff and others similarly situated. Defendants ABDULLAH V KARPUZ and KAAN KALELI had operational

      control of the businesses, provided Plaintiff with her work schedules, and are jointly liable for Plaintiff's damages.

30. Defendants GROOVY'S PIZZA, ABDULLAH V KARPUZ and KAAN KALELI willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages, as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIZABETH JOHA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants GROOVY'S PIZZA, ABDULLAH V KARPUZ and KAAN KALELI on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ELIZABETH JOHA actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ELIZABETH JOHA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:  June 29, 2015

                Respectfully submitted,

                By:  **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                3100 South Dixie Highway
                Suite 202
                Miami, FL 33133
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*