## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This settlement agreement and release of claims ("Agreement") is entered into by and between ELIZABETH JOHA ("Plaintiff"), on the one hand, and ARMAAN LLC. a/k/a GROOVY'S PIZZA, ABDULLAH V. KARPUZ, and KAAN KALELI ("Defendants"), on the other. Plaintiff and Defendants shall be individually referred to herein as a "Party" or collectively as "Parties."

WHEREAS, Plaintiff and Defendants are parties to a lawsuit pending in the United States District Court for the Southern District of Florida, styled *ELIZABETH JOHA v. ARMAAN LLC., et al. (Case No. 15-22426-CIV-SCOLA)*, for claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") ("Lawsuit");

WHEREAS, Defendants dispute the merits of Plaintiff's claims, including whether Plaintiff was not paid for all hours worked, whether Plaintiff worked the amount of overtime hours alleged, and the computation of any alleged overtime hours worked;

WHEREAS, the Parties have amicably resolved this matter under the following terms and conditions:

1. Defendants, in order to resolve the dispute asserted under the FLSA, which has arisen between themselves and Plaintiff, without further litigation and the costs associated with it, have agreed to pay Plaintiff and her attorney the sum of $12,000.00 (US Twelve-Thousand Dollars and No Cents), due within 30-Calendar days from Court approval of the parties' settlement agreement, and apportioned as follows:

    a. $3,250.00 to Plaintiff ELIZABETH JOHA, constituting payment of any alleged "unpaid wages";

    b. $3,250.00 to Plaintiff ELIZABETH JOHA, constituting "liquidated damages"; and

    c.  $5,500.00 to Plaintiff's counsel for attorney's fees and costs.

  2.  Payment shall be made via one lump sum settlement check payable to "Zandro E. Palma, P.A. Trust Account", and delivered on or before the deadline set forth above to:

> Zandro E. Palma, P.A.
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156

It shall be Plaintiff's and her attorney's sole responsibility to pay any applicable taxes and make any required withholdings under the law for the sums paid pursuant to ¶ 1 of this Agreement.

  3.  Plaintiff shall dismiss with prejudice, or otherwise cause the Court to dismiss with prejudice, the Lawsuit and all claims asserted therein.

  4.  Effective upon Defendants' payment of the sums set forth in ¶ 1 of this Agreement, as well as upon the Court's approval of this Agreement, Plaintiff and her partners, attorneys, heirs, executors, administrators, successors, personal representatives, and/or assigns (collectively, "Releasing Parties"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, do hereby covenant not to sue, and remise, release, acquit, satisfy and forever discharge, Defendants, and their partners, heirs, executors, administrators, successors, and/or assigns (collectively, "Released Parties"), of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialities, covenants, contracts, controversies, agreements, promises, variances, trespasses, attorneys' fees, costs, judgments, executions, claims, damages, and demands whatsoever, in law or in equity, whether known or unknown, accrued or unaccrued, and whether foreseeable or unforeseeable, which the Releasing Parties ever had, now have, or their heirs, partners, executors, administrators, successors, personal representatives, and/or

assigns hereafter can, shall or may have against the Released Parties arising out of and/or relating to the claims, causes of action, facts and transactions set forth in the Lawsuit.

5. The parties agree and acknowledge that Court approval of this Agreement is necessary to provide for a full and complete release of any claims that Plaintiff alleges under the Fair Labor Standards Act. The parties agree and acknowledge that Court approval of the Agreement is a material term of the settlement of the Lawsuit.

6. **Non-Admission of Liability** - Plaintiff and Defendants agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by any of the Released Parties.

7. **Confidentiality** - Plaintiff agrees not to disclose any information regarding the underlying facts leading up to the existence or substance of this Agreement, except to Plaintiff's spouse, tax advisor, and/or an attorney with whom Plaintiff chooses to consult regarding her consideration of this Agreement.

8. **Non Disparagement** - Plaintiff agrees that she will not disparage the Released Parties, by written or oral word, gesture, or any other means, nor will he make any disparaging or negative comments about the Released Parties, to any person or entity.

9. **Consequences of Breach** - Plaintiff agrees that a breach of this Agreement by her attorney, accountant, tax advisor, estate planner, or person with whom her attorney, accountant, tax advisor, or estate planner discusses the terms of this Agreement, or spouse, may result in irreparable and continuing damage to Defendants, for which there will be no adequate remedy at law. Plaintiff agrees that a breach of the Confidentiality provision herein would be a material breach. Therefore, in the event of a proven breach of any of the Confidentiality provision of this Agreement by Plaintiff, Defendants shall be entitled to recover from Plaintiff liquidated damages

in the amount of Two Thousand Five Hundred Dollars ($2,500.00) per proven breach in a court of law on the part of Plaintiff, not to exceed the total amount received by Plaintiff, in enforcing the Confidentiality provision. Defendants shall also be immediately entitled to an injunction against any further breach. The prevailing party shall be entitled to their reasonable fees and costs in prosecuting or defending an action for breach of the Confidentiality provision.

Plaintiff understands and agrees that actual damages flowing from such a breach or breaches are uncertain, and agrees that the amount of liquidated damages specified herein is reasonable under the circumstances.

10. **Neutral References** – Defendant, upon request of a potential employer, will not disparage Plaintiff and shall only be limited to providing "neutral references" regarding Plaintiff. More specifically, any references shall be limited to: 1) dates of employment; 2) position held; and 3) rate of pay.

11. **No Future Employment** - In consideration of the promises made by Defendant in this Agreement, Plaintiff acknowledges that she does not currently work for Defendant, and agrees not to seek employment or re-employment with any of the Released Parties at any point in the future. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.

12. The provisions of this Agreement may only be amended, supplemented, waived and/or modified by a writing signed by the party as to whom enforcement of any such amendment, supplement, waiver and/or modification is sought and making specific reference to this Agreement.

13. The Parties represent that they have read the Agreement, have had the opportunity to seek independent counsel of their own choice, and completely understand the terms and

conditions and effect of this Agreement. The Parties are therefore fully aware of the terms and conditions contained in this Agreement and have voluntarily and without duress entered into this Agreement and the transactions contemplated thereby.

14. This Agreement shall not be construed more strictly against one party than against any other party merely by virtue of the fact that it might be prepared by counsel for one of the Parties, it being recognized that all Parties have contributed substantially and materially to the preparation of this Agreement.

15. This Agreement may be executed simultaneously in two or more counterparts and by facsimile and/or electronically, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

(signature page to follow)

WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.

_____          Dated: September 15, 2015
Plaintiff, ELIZABETH JOHA


_____          Dated: September 15, 2015
for Defendant, ARMAAN LLC., a/k/a
GROOVY'S PIZZA


_____          Dated: September ___, 2015
Defendant, ABDULLAH V. KARPUZ


_____          Dated: September 15, 2015
Defendant, KAAN KALELI